THE GRAY EAGLES, INC. *v.* LUCCHESI

1. Bailment—Mutual Benefit Bailment—Bailee's Liability— Ordinary Negligence.

   A bailee in a bailment for the mutual benefit of both parties is liable only for ordinary negligence, in the absence of a contractual duty to the contrary.

2. Bailment—Mutual Benefit Bailment—Bailee's Liability— Standard of Care—Instructions to Jury—Plaintiff's Theory of Case.

   Instructions to the jury that the defendant bailee in a bailment for the mutual benefit of both parties would be liable only for his ordinary negligence was error where the plaintiff bailor's theory of the case was that the standard of care to which the bailee was held had been changed to strict liability by an oral agreement between the parties and where the plaintiff made timely objection to the instructions as given.

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 November 3, 1971, at Grand Rapids. (Docket No. 9486.) Decided December 6, 1971.

Complaint by The Gray Eagles, Inc., against Geno Lucchesi for damages to its airplane. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Wisti & Jaaskelainen,* for plaintiff.

---

References for Points in Headnotes

[1] 8 Am Jur 2d, Bailments § 122.
[2] 8 Am Jur 2d, Bailments §§ 122, 307, 340.

*McLean & McCarthy,* for defendant.

Before: R. B. BURNS, P. J., and LEVIN and T. M. BURNS, JJ.

R. B. BURNS, P. J.   Plaintiff instituted this action for damages to its airplane, piloted by defendant, resulting from an emergency landing. Plaintiff based its case on two theories of recovery; one in negligence and the other in bailment. The jury returned a verdict of no cause of action.

Plaintiff claims the trial court erred in its instructions as to its bailment theory. Neither party disputed that the bailment was for the mutual benefit of both parties and in such a case in the absence of a contractual duty to the contrary, a bailee is liable only for ordinary negligence. *Godfrey* v. *City of Flint* (1938), 284 Mich 291.

Plaintiff's theory at trial, however, was that the common-law liability of ordinary negligence was contractually supplanted to create absolute liability. This modification of liability was a matter of dispute, however, and because the bailment contract was oral, the credibility of the parties was of permanent concern. In its instructions to the jury the trial court correctly stated that plaintiff's alternative theory to negligence was "its theory of bailment or contract" and that plaintiff "must prove the existence of an agreement and its terms".

But in advising the jury as to the duties and liabilities arising out of a bailment contract the court was confusing and plaintiff's theory of strict liability was lost. At one point the instructions on the bailment theory seem proper:

"The duties and obligations and liabilities of the parties arising out of the bailment *are based upon*

*the conditions of the bailment as understood by both
parties."* (Emphasis supplied.)

In subsequent instructions the rule of liability
arising out of the bailment agreement was changed:

"To ascertain rights, duties, and liabilities of the
parties it is usually necessary to determine whether
a bailment is  *  *  *  for the mutual benefit of both
parties.

\*  \*  \*

"You may find that the contract of bailment here
under consideration is one for the mutual benefit
of both parties; and then the *defendant was bound
to exercise ordinary care in the airplane; that the
defendant is liable for ordinary negligence, if you
find the defendant was guilty of ordinary negli-
gence."* (Emphasis supplied.)

The ordinary negligence rule in bailment was not
plaintiff's theory and its timely objection to this
latter instruction was well taken. Upon reviewing
the entire instructions we feel plaintiff was denied
its right to have its bailment theory properly pre-
sented to the jury. See *Horst* v. *Tikkanen* (1963),
370 Mich 65; *Carey* v. *Toles* (1967), 7 Mich App 195.

Reversed and remanded for trial as to plaintiff's
bailment theory of strict liability.

All concurred.